# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (GREENBELT DIVISION)

| | |
|---|---|
| **KNIGHTSBRIDGE SYSTEMS LLC**<br>631 D Street NW, Suite 127<br>Washington, DC 20004<br><br>*Plaintiff*,<br><br>v.<br><br>**DKW COMMUNICATIONS, INC.**<br>14000 Farnsworth Lane, Apt. 3101<br>Upper Marlboro, MD 20772<br><br>Serve on Resident Agent:<br>CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD  21202<br><br>*Defendant.* | Case No. _____ |

## COMPLAINT FOR CONFIRMATION OF ARBITRATION AWARD AND FOR JUDGMENT

Plaintiff, Knightsbridge Systems LLC, by and through undersigned counsel, hereby petitions this Honorable Court to confirm the Award of the Arbitrator made *In the Matter of the Arbitration Between Knightsbridge Systems LLC, the claimant, and DKW Communications, Inc., the respondent,* and enter judgment for the amount of such Award, and in support thereof states the following:

## PARTIES

1. Plaintiff, Knightsbridge Systems LLC ("Knightsbridge"), is a Virginia limited liability company that provides information technology services including cloud computing, mobile computing, software engineering and data analytics.

2.     Defendant, DKW Communications, Inc. ("DKW"), is a Maryland corporation that operates a government contracting business.

## JURISDICTION AND VENUE

3.     Pursuant to the terms of the parties' Agreement (hereinafter defined), which includes an agreement to arbitrate all disputes, the parties agreed that Maryland law shall apply to all disputes arising under or relating to said Agreement.

4.     Under § 3-202 of the Maryland Uniform Arbitration Act (§ 3-201 - § 3-234 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland), an agreement providing for arbitration under the law of the State of Maryland confers jurisdiction on a Maryland court to enforce the agreement and enter judgment on an arbitration award.

5.     Pursuant to 28 U.S.C. § 1332, the District Courts of the United States have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

6.     The amount in controversy in this action exceeds the sum or value of $75,000, see Exhibit 1 hereto, the Award of Arbitrator (the "Award").

7.     This action is between citizens of different states.

8.     DKW's principal place of business is located at 14000 Farnsworth Lane, Apt. 3101, Upper Marlboro, Maryland 20772.  For purposes of diversity jurisdiction, DKW is a citizen of Maryland.

9.     The sole member of Knightsbridge, Naresh Bajaj, is an individual who is a citizen of Virginia.  For purposes of diversity jurisdiction, Knightsbridge is a citizen of Virginia.

10.     Based on complete diverse citizenship of Knightsbridge and DKW, this Court has diversity jurisdiction over this case.

11.     DKW is a resident of the State of Maryland, and venue is proper in this Court pursuant to 28 U.S.C. §1391.

## BACKGROUND

12.     Knightsbridge and DKW entered into a certain Consulting Agreement effective as of June 4, 2018 (the "Agreement," Exhibit 2 hereto) whereby DKW, as the prime contractor, engaged Knightsbridge as a subcontractor on a certain contract with the U.S. Army Civilian Information Technology Support Services-Civilian Information Services Division to provide information technology support services to the Civilian Human Resource Agency.

13.     According to the terms of the Agreement, all invoices rendered by Knightsbridge were due and payable within thirty days from DKW's receipt of same.

14.     Further, according to the terms of the Agreement, during the term of the Agreement and for one year following the termination or expiration of the Agreement, neither party shall directly or indirectly solicit or induce, or attempt to solicit or induce, any employee or independent contractor of the other to leave the other's employment or engagement "for any reason whatsoever," or to hire or contract with such individuals, either as employees or independent contractors.

15.     DKW failed to pay Knightsbridge the sum of $166,207.68 for services rendered, notwithstanding DKW's receipt of payment for Knightsbridge's services from the United States Government.

16.     Knightsbridge demanded payment and stopped performing under the Agreement until payment was received.  Immediately thereafter, DKW solicited one or more of Knightsbridge's employees to perform the same work directly for DKW that said employee(s) was/were performing for Knightsbridge, in violation of the Agreement's terms.

17.     According to Section 5.5 of the Agreement, the "Agreement shall be governed by

the laws of the State of Maryland, as such laws apply to agreements made in Maryland."

18.     Further, according to Article IX of the Agreement:  (i) all disputes shall be settled by arbitration in accordance with the rules of the American Arbitration Association (the "AAA"), (ii) the "arbitrator(s) shall apply the substantive and procedural laws of the State of Maryland to all such arbitrations," and (iii) "judgment upon the award rendered may be entered in any court possessing jurisdiction of arbitration awards."

19.     The parties were unable to settle their dispute, and Knightsbridge filed a demand for arbitration with the AAA, naming DKW as the respondent in the arbitration proceeding. Knightsbridge asserted breach of contract claims for DKW's failure to pay the balance due Knightsbridge and for breach of the non-solicitation provision of the Agreement.

20.     An arbitration proceeding (the "Arbitration") was conducted by Michael J. Schrier, Esquire (the "Arbitrator"), who was appointed by the AAA pursuant to its Commercial Arbitration Rules.  Knightsbridge was represented in the Arbitration by Theodore R. Goldstock, Esq., Lerch, Early & Brewer, Chtd.  DKW was represented in the Arbitration by Adrien Pickard, Esq., Blank Rome LLP.

21.     The Arbitrator made the Award on July 15, 2019 in favor of Knightsbridge and against DKW, whereby DKW was ordered to pay Knightsbridge the total sum of **$320,482.68**. The Award was sent to the parties on or around that same date.  The Award was "in full settlement of all claims and counterclaims" submitted pursuant to the Arbitration, and the Award was due and payable on or before thirty (30) calendar days from the date of the Award.

22.     DKW has refused to pay the Award, which was due on or before August 14, 2019.

## COUNT I

23. Knightsbridge incorporates by reference all of the allegations set forth in paragraphs 1-22.

24. Knightsbridge is entitled to have this Court confirm the Award under The Maryland Uniform Arbitration Act.

25. Knightsbridge is entitled to a further award of all costs of this action, including attorney fees, pursuant to § 3-228 of the Maryland Uniform Arbitration Act.  "The prevailing party is entitled to recover attorney's fees incurred both at trial and on appeal in confirming and enforcing an arbitration award." *Blitz v. Beth Isaac Adas Isr. Congregation*, 352 Md. 31, 720 A.2d 912 (1998).

**WHEREFORE**, Knightsbridge requests that this Honorable Court confirm the Award and enter a Judgment in favor of Knightsbridge and against the Defendant, DKW Communications, Inc., as follows:

i) **$320,482.68**, the amount of the Award; and

ii) Reasonable attorneys' fees incurred by Knightsbridge in confirming the Award; and

iii) Such further and other legal and equitable relief as this Court determines.

Respectfully submitted,

**LERCH, EARLY & BREWER, CHTD.**

By:  /s/Stuart A. Schwager  
Theodore R. Goldstock, Bar No. 27280  
Stuart A. Schwager, Bar No. 22924  
7600 Wisconsin Avenue, Suite 700  
Bethesda, Maryland 20814  
(301) 347-1271 (Phone)  
(301) 347-1521 (Facsimile)  
*Counsel for Plaintiff Knightsbridge Systems, LLC*