# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KNIGHTSBRIDGE, LLC | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-02381-PX |
| DKW COMMUNICATIONS, INC., | * | |
|    Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Knightsbridge, LLC's ("Knightsbridge's") motion for default judgment. ECF No. 9. Defendant DKW Communications, Inc. ("DKW") has not responded and the time for doing so has passed. Loc. R. 105.2. The Court now rules because no hearing is necessary. Loc. R. 105.6. For the reasons that follow, Knightsbridge's motion is granted.

### I. Background

Knightsbridge filed suit to confirm an arbitration award it had obtained against DKW. ECF No. 1 ¶¶ 1–2, 15, 21, 25. Knightsbridge is an information technology services vendor and DKW is a government contractor. *Id.* ¶¶ 1–2. In 2018, the parties executed a Consulting Agreement wherein Knightsbridge provided subcontracting services on DKW's contract with the U.S. Army. *Id.* ¶ 12; ECF No. 1-2. Under the Consulting Agreement, DKW was required to pay Knightsbridge within 30 days of receiving Knightsbridge's invoices and was to refrain from hiring or attempting to hire Knightsbridge's employees. ECF No. 1 ¶¶ 13–14. The parties also agreed to arbitrate any disputes through the American Arbitration Association ("AAA"), *id.* ¶ 18, and that Maryland law would apply to such disputes, *id.* ¶ 3.

Knightsbridge contends that DKW breached the Consulting Agreement by failing to pay Knightsbridge $166,207.68 for work performed under the Agreement and for DKW's attempted

poaching of Knightsbridge's employees. *Id.* ¶¶ 15-16. The parties arbitrated the matter with the AAA. *Id.* ¶ 19.

On July 15, 2019, the arbitrator awarded Knightsbridge a sum of $320,482.68 payable within thirty days of the date of the award. *Id.* ¶ 21; ECF No. 1-1. This award included $166,207.68 as compensation for Knightsbridge's outstanding invoices; $140,000 on Knightsbridge's non-solicitation claim; $8,250.00 in administrative filing fees; and $6,025,00 in arbitration expenses. ECF No. 1-1 at 2. DKW refused to pay the award. ECF No. 1 ¶ 22.

On August 19, 2019, Knightsbridge filed this action seeking confirmation of the arbitration award under the Maryland Uniform Arbitration Act, Md. Code Ann., Cts. & Jud. Proc. §§ 3-201 *et seq.* ECF No. 1. ¶¶ 23–25. Knightsbridge's Complaint requests a money judgment for the full amount of the arbitration award, $320,482,68.[1] *Id.* ¶ 25.

Knightsbridge effectuated service on DKW on August 22, 2019. ECF No. 3 at 1. DKW did not answer or otherwise respond. Consequently, on September 27, 2019, Knightsbridge moved for entry of default, and the Clerk granted this request on October 16, 2019. ECF Nos. 6, 7. On December 4, 2019, Knightsbridge then moved for default judgment. ECF No. 9. DKW has still failed to respond. The Court now enters default judgment in favor of Knightsbridge.

**II.  Standard of Review**

Rule 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer*

---

[1] The Complaint also requests "[r]easonable attorneys' fees incurred by Knightsbridge in confirming the Award," ECF No. 1 ¶ 25, however the motion for default judgment makes no mention of attorneys' fees.

*Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). Accordingly, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

### III.   Analysis

Knightsbridge requests that the Court confirm the arbitration award against DKW. ECF No. 9. Because the parties' choice of law provision is presumptively valid, *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996), the Court will look to Maryland law.

The Maryland Uniform Arbitration Act provides that "[a] party may petition the court to confirm [an] award" from arbitration. Md. Code Ann., Cts. & Jud. Proc. § 3-227(a). "The Court shall affirm the award, unless the other party has filed an application to vacate, modify, or correct the award" within the applicable time frame. *Id.* § 3-227(b); *see also id.* § 3-222(a) (20 days to seek modification or correction from arbitrator); *id.* § 3-223(a) (90 days to seek

3

modification or correction from court). "When a motion for default judgment is based on an application for confirmation of an arbitration award, the plaintiff 'must show that it is entitled to confirmation of the arbitration award as a matter of law.'" *Climbzone, LLC v. Washington*, No. GJH-18-2732, 2020 WL 674353, at *2 (D. Md. Feb. 10, 2020) (quoting *Choice Hotels Int'l, Inc. v. Khan*, No. DKC 17-3572, 2018 WL 1046301, at *2 (D. Md. Feb. 26, 2018)).

Accepting the Complaint facts as true, Knightsbridge has shown that it is entitled to confirmation. The parties properly participated in arbitration under the Consulting Agreement, and the arbitrator awarded Knightsbridge the money judgment which it now seeks to confirm. DKW for its part has filed no petition to vacate, correct or modify the award. Accordingly, the Court will confirm Knightsbridge's award of $320,482,68.

Knightsbridge also seeks post judgment interest. Post judgment "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Post-judgment interest is determined at the federal statutory rate and continues to accrue automatically until the judgment is satisfied. 28 U.S.C. § 1961(b). *See Choice Hotels, Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. DKC-11-2893, 2012 WL 5995248, at *3 (D. Md. Nov. 29, 2012). The Court need not calculate it here—and indeed cannot because it is unclear when the judgment will be satisfied.

Knightsbridge also seeks interest calculated from the date by which the arbitrator ordered payment (thirty days after the date of award) until entry of the judgment in this case. ECF No. 9-1 at 2. As best the Court can discern, this is a request for pre-judgment interest which is governed by Maryland law. *Hartford Underwriters Ins. Co. v. Trinity Prot. Servs. Inc.*, No. TDC-17-0129, 2017 WL 3205734, at *4 (D. Md. July 28, 2017) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999)). "Pre-judgment interest is allowable as a

4

matter of right when 'the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date.'" *Buxton v. Buxton*, 363 Md. 634, 656 (2001) (quoting *First Va. Bank v. Settles*, 322 Md. 555 (1991)). "[A]ny prejudgment interest which is awarded should be at the rate of 6% per annum." *Settles*, 322 Md. at 566.

Knightsbridge's arbitration award became due on August 15, 2019, thirty days after the decision issued, as made express in the arbitrator's written decision. ECF No. 1-1. Thus, DKW's refusal to pay deprived Knightsbridge "of the use of a fixed amount as of a known date," and Knightsbridge is entitled to pre-judgment interest as a matter of right. *Buxton*, 363 Md. at 656. The Court will therefore award pre-judgment interest, accruing at a rate of 6% per annum, between August 15, 2019 and today's date.

### IV. Conclusion

For the foregoing reasons, Knightsbridge's motion for default judgment is hereby granted. A separate Order follows.

___4/2/2020_____  ___/s/_____
Date                          Paula Xinis
                              United States District Judge

5