IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KNIGHTSBRIDGE, LLC | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-02381-PX |
| DKW COMMUNICATIONS, INC., | * | |
|     Defendant. | * | |

***

## MEMORANDUM OPINION

On April 14, 2020, the Court entered default judgement in favor of Knightsbridge LLC ("Knightsbridge") and against Defendant DKW Communications, Inc. ("DKW"), in the amount of $320,482,68. ECF No. 12. The Court also issued a Writ of Garnishment on Defendant's property at ADP, LLC. ECF No. 15. Now pending before the Court are Knightsbridge's unopposed motion for attorney's fees and costs, and its motion to release DKW's property from garnishment. ECF Nos. 13 & 17. The Court finds no hearing is necessary. *See* Loc. R. 105.6 & 109.2. For the following reasons, Knightsbridge's motions are GRANTED.[1]

This Court confirmed the arbitration award entered in Knightsbridge's favor against DKW pursuant to the Maryland Uniform Arbitration Act ("MUAA"). ECF No. 12 (citing Md. Code Ann., Cts. & Jud. Proc. § 3-227(a)). Under the MUAA, "[a] court may award costs of the petition, the subsequent proceedings, and disbursements." Md. Code Ann., Cts. & Jud. Proc. § 3-228. The Maryland Court of Appeals has made clear that under Section 3-228, "the prevailing party is entitled to recover attorney's fees incurred . . . in confirming and enforcing an arbitration award." *Blitz v. Beth Isaac Adas Isr. Congregation*, 352 Md. 31, 46 (1998). Further, pursuant to

---

[1] Knightsbridge has notified the Court that the judgment has been fully satisfied and there are no outstanding executions. ECF No. 18.

28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure, the Court may award allowable costs to the prevailing party in a civil action as part of a judgment or decree.

To assess the reasonableness of the requested fees and costs, the Court employs the lodestar method of ascertaining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Twelve factors guide this "reasonableness" determination: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) fee awards in similar cases. *Robinson*, 560 F.3d at 243–44. "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Id.* at 244 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). This Court's Local Rules provide presumptively reasonable hourly rates based on an attorney's years of experience. *See* Loc. R., App. B.

As for the rates employed by the three attorneys at Lerch Early & Brewer who worked on this matter, the rate charged by Stuart Schwager falls within the presumptively reasonable range. *Compare* Loc. R., App. B. (3) *with* ECF No. 13-1 at 1 (twenty-nine years of experience and a rate of $435, falling well within the $300-475 range for lawyers admitted to the bar for twenty years or more). The rates charged by Theodore Goldstock and Meaghan Murphy exceed the

applicable ranges under the guidelines. *Compare* Loc. R., App. B. (3) *with* ECF No. 13-1 at 2 (thirty-seven years of experience and rates of $515 and $535, exceeding $300-475 for lawyers with twenty or more years of experience) and *id.* (four year of experience and a rate of $250, exceeding $150-225 for lawyers with less than five years of experience). Given the unopposed nature of this action, the degree of complexity involved, and without "specific evidence" to justify an upward departure, the Court will award fees for Mr. Goldstock based on an hourly rate of $475 and for Ms. Murphy an hourly rate of $225, the high end of their respective ranges. *See Saman v. LBDP, Inc.*, No. DKC 12–1083, 2013 WL 6410846, at *3 (D. Md. Dec. 6, 2013). Regarding the hours worked, Plaintiff's attorneys provide itemized time records that document the nature of the work performed by the attorney and the time allotted to the given task. ECF No. 13-2. The records also divide the litigation into four stages: case development and administrative work; pleadings; motions practice; and fee petition preparation. ECF No. 13-1 at 3. In total, the attorneys performed 29.5 hours of work—9.6 hours by Goldstock, 18 by Schwager, and 1.9 hours by Murphy. ECF No. 13-2. These records, combined with Schwager's sworn declaration, adequately support reasonableness of the time spent confirming the arbitration award and enforcing the judgment. *See Two Men & A Truck/Int'l, Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 925 (E.D. Va. 2015) (quoting *EEOC v. Nutri/Systems Inc.*, 685 F. Supp. 568, 573 (E.D. Va. 1988). Accordingly, the Court awards Plaintiff $12,815.70 in attorney's fees (18 hours for Schwager, at $435 per hour totaling $7,830; 9.6 hours for Goldstock at $475 per hour totaling $4,560; and 1.9 for Murphy at $225 per hour totaling $425.70).

Finally, the $407.75 spent on filing and serving the letter and motion is consistent with the local rules and is therefore reasonable. *See* Loc. R., App. B. (4) ("reasonable out-of-pocket expenses [] including . . . express and overnight delivery services . . . are compensable at actual

cost"); *see also Saman*, 2013 WL 6410846, at *8.  The Court awards these costs unchanged.

For the above reasons, Plaintiff's Motion for Attorneys' Fees is GRANTED with a reduction of the total fees and costs of $786.80.  Therefore, the final amount for attorney's fees and costs is $13,223.45.  The writ of garnishment served on ADP, LLC is terminated.  A separate order follows.


___2/16/2021_____         ___/s/_____
Date                                              Paula Xinis
                                                                  United States District Judge